United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Z.A., a minor, by and through her parents, K.A. and S.A., | No. C 09-03557 JSW |
| Plaintiff, | |
| v. | **AMENDED ORDER REQUIRING SUBMISSIONS** |
| ST. HELENA UNIFIED SCHOOL DISTRICT, | |
| Defendant. | |

Now before the Court, in addition to other pending motions, is the motion for judgment on the pleadings filed by Defendant St. Helena Unified School District (the "District"). In this motion, the District argues that the purported 10-day offer of settlement, whether or not it was properly accepted by Plaintiff, could not constitute a binding settlement agreement because it was never ratified by the Board. (*See* Motion for Judgment on the Pleadings at 7-9; *see also See Santa Monica Unified School District v. Persh*, 5 Cal. App. 3d 945, 952 (1970).) Plaintiff does not dispute the fact that the Board never approved the alleged agreement and argues that the requirement for Board approval is a mere technicality.

The only case cited addressing the validity of a proposed 10-day offer with or without Board approval under 20 U.S.C. § 1415(i)(3)(D)(i) is *J.C. v. Vacaville Unified School District*,

2007 WL 112138, *3 (E.D. Cal. Jan. 10, 2007).  In that case, as distinct from this, the agreement specifically noted that it would only be effective after both execution by the parties as well as "District Governing Board approval."  *Id.*  What is unclear from the state of the record in this case is whether the original 10-day offer dated February 27, 2009, which makes no mention of Board approval, was indeed Board-approved and a valid offer when made.  It is likewise unclear whether the mechanism in the education arena is, rather, to make a 10-day offer under 20 U.S.C. § 1415(i)(3)(D)(i) without Board approval, but with the common understanding that any fully-executed settlement agreement would necessarily require Board approval.

Although the authority cited by the District appears to require Board approval for final and executable settlement agreements, it is unclear whether the 10-day offer, when made, was valid and whether it was reasonable for Plaintiff to assume that, having made such an offer, counsel for the District was so empowered by the Board.  In the alternative, it is likewise unclear whether, when the District made its offer, it was understood by all counseled parties that Board approval was a condition precedent to execution of a binding settlement agreement.

Because the Court finds that resolution of these issues is necessary to the Court's analysis on the outstanding motion, the Court HEREBY ORDERS simultaneous briefing on the issues outlined above.  The parties are ORDERED to submit simultaneous briefs of not more than five pages by no later than **January 22, 2010** at noon addressing the Court's concerns.

**IT IS SO ORDERED.**

Dated:   January 19, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE