IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

Z.A., a minor, by and through her parents, K.A. and S.A.,

    Plaintiff,

  v.

ST. HELENA UNIFIED SCHOOL DISTRICT,

    Defendant.

_____/

No. C 09-03557 JSW

**ORDER DENYING DISTRICT'S MOTION FOR JUDGMENT ON THE PLEADINGS; DENYING PLAINTIFF'S MOTION TO STRIKE; AND GRANTING DISTRICT'S MOTION TO DISQUALIFY GUARDIANS**

Now before the Court are several motions: (1) the motion for judgment on the pleadings filed by St. Helena Unified School District (the "District"); (2) Plaintiff's motion to strike the District's prayer for attorneys' fees, expenses and costs from the cross-complaint and answer; and (3) the District's motion to disqualify the parents as guardians ad litem. These motions are now fully briefed and ripe for decision. The Court finds that these matters are appropriate for disposition without oral argument and the matters are deemed submitted. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for January 29, 2010 is HEREBY VACATED. Having carefully reviewed the parties' papers and the relevant legal authority, the Court DENIES the District's motion for judgment on the pleadings; DENIES Plaintiff's motion to strike the prayer

for fees; and GRANTS the District's motion to disqualify the guardians ad litem.

**BACKGROUND**

Plaintiff is a fourteen-year-old child eligible for special education services under the Individuals With Disability Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* Plaintiff partially attended sixth and seventh grade at the District's Robert Louis Stevenson Middle School ("RLS") from March 17, 2008 through November 2, 2008. Prior to attending RLS, Plaintiff attended Pathways, an independent study, home-based charter school.

When Plaintiff enrolled in the District, her individualized education program ("IEP") team convened on six occasions to discuss her program, placement and services within the District. However, dissatisfied with the District's program, on October 17, 2008, Plaintiff's parents informed the District that they would unilaterally be placing their daughter at the STAR Academy, a certified nonpublic school, beginning on November 3, 2008, for the remainder of the 2008-2009 school year.

Due to disputes over the Plaintiff's education program, on November 7, 2008, the District filed a due process complaint with the Office of Administrative Hearings ("OAH") to implement and defend its offered program to satisfy the IDEA's requirement that the District provide Plaintiff with a free appropriate public education ("FAPE").

Shortly thereafter, on November 17, 2008, Plaintiff's parents filed a due process complaint against the District alleging that the District had denied their daughter a FAPE during the 2007-2008 and 2008-2009 school years. The OAH consolidated the two due process complaints on November 26, 2008.

Prior to the hearing before the OAH, the District submitted to Plaintiff's parents a 10-day statutory offer of settlement ("10-day offer") under the IDEA, 20 U.S.C. § 1415(i)(3)(D). Regardless, the parties proceeded to hearing before an Administrative Law Judge ("ALJ") over nine days in 2009. The ALJ issued her Decision on May 15, 2009, mostly in the District's favor.

Plaintiff filed the complaint in this Court alleging three claims: (1) declaratory relief (based on the 10-day offer); (2) appeal from the OAH Decision; and (3) breach of 10-day offer

2

of settlement. The District filed a counterclaim challenging one aspect of the OAH Decision, its finding that one class period for a few days before the unilateral placement was inappropriate because the ALJ found it was not the least restrictive environment.

Additional facts will be addressed as necessary in the remainder of this Order.

## ANALYSIS

**A.     Legal Standards.**

### 1.     Legal Standard on Motion for Judgment on the Pleadings.

Motions for judgment on the pleadings challenge the legal sufficiency of the claims asserted in the complaint. "For purposes of the motion, the allegations of the non-moving party must be accepted as true .... Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990). However, "[t]he court need not ... accept as true allegations that contradict matters properly subject to judicial notice...." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

While, as a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(c) motion, a "court may consider facts that are contained in materials of which the court may take judicial notice." *Heliotrope General, Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 (9th Cir. 1999) (internal quotations and citation omitted). A court may also consider documents attached to the complaint or "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *In re Silicon Graphics Inc. Securities Litigation*, 183 F.3d 970, 986 (9th Cir. 1999) (internal quotations and citation omitted).

### 2.     Legal Standard on Motion to Strike.

"The court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous material." Fed. R. Civ. P. (12)(f). Immaterial matter "is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Cal. Dept. of Toxic Substance Control v. ALCO Pacific, Inc.*, 217 F.

Supp. 2d 1028, 1032 (C.D. Cal. 2002) (internal citations and quotations omitted). Impertinent material "consists of statements that do not pertain, or are not necessary to the issues in question." *Id*. Motions to strike are regarded with disfavor because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice. *Colaprico v. Sun Microsystems Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991). Where there is any doubt as to the relevance of the challenged allegations, courts generally err on the side permitting the allegations to stand, particularly where the moving party shows no prejudice therefrom and if granting the motion will not make the trial less complicated or otherwise streamline the ultimate resolution of the action. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993), *rev'd on other grounds*, *Fogerty v. Fantasy, Inc*., 510 U.S. 517, 534-34 (1994). Given their disfavored status, courts often require a showing of prejudice by the moving party before granting a motion to strike. *Id.* The possibility that issues will be unnecessarily complicated or that superfluous pleadings will cause the trier of fact to draw unwarranted inferences at trial is the type of prejudice that is sufficient to support the granting of a motion to strike. *Cal. Dept. of Toxic Substances Control*, 217 F. Supp. at 1028. "Even when the defense presents a purely legal question, ... courts are very reluctant to determine disputed or substantial issues of law on a motion to strike; these questions quite properly are viewed as determinable only after discovery and a hearing on the merits." *Id*. (quoting 5 Charles Wright & Arthur Miller, Federal Practice & Procedure, § 1381, at 800-01).

**B.    District's Motion for Judgment on the Pleadings.**

The District moves for judgment on the pleadings on Plaintiff's first cause of action for declaratory relief and third cause of action for relief based on the alleged breach of a 20 U.S.C. § 1415(i)(3)(D)-(F) settlement agreement. The District argues that Plaintiff may not maintain either related cause of action because there was no settlement agreement reached, and even if there were, it was not enforceable as a matter of law as the Board did not ratify the alleged agreement.

The District contends that the facts as alleged in the complaint fail to support the existence of a valid contract – an actual settlement agreement – that would be the underlying basis for the claims for declaratory relief or for breach. The District argues there was no meeting of the minds or mutual consent, by virtue of which an offer and acceptance would have been manifest. The District contends that the Plaintiff's condition for acceptance, that is the drafting of an actual settlement agreement by 5:00 p.m. the next day, created an additional material term and constitutes a counteroffer. The District also argues that there was no meeting of the minds or mutual assent because Plaintiff failed to meet "the letter or spirit of the 10-day offer as it relates to attorney's fees." (Motion at 6.) Plaintiff contests the factual veracity of these contentions and contends that the complaint sets out that a contract was entered into and improperly rescinded by the District. The Court finds these arguments rest on the resolution of disputed facts and, at this procedural stage and as presented to the Court, are not appropriate for disposition on a motion for judgment on the pleadings.

Second, the District argues that, even if there were a settlement agreement, it was not enforceable as it required Board approval. *See Santa Monica Unified School District v. Persh*, 5 Cal. App. 3d 945, 952 (1970) ("A contract which has not been approved or ratified pursuant to Education Code section 15961 does not comply with the required formalities, and is unenforceable against the District."). The District argues that its Board never approved the 10-day offer and therefore, regardless of whether Plaintiff may have accepted the offer, there was no valid contract without Board ratification under the California Education Code. The District seeks judicial notice of the Board's meeting notes for the relevant time period, indicating that no approval of the offer to Plaintiff was ever made. (*See* Request for Judicial Notice, Exs. A-G.) Plaintiff contends that she does not have discovery to ascertain whether or when Board approval was sought or acquired and further, that such approval was a mere technicality in any case. Further, after additional briefing on the issue as requested by the Court, Plaintiff contends that the agreement as made was valid because it was ratified by the School Superintendent as well as the District's legal counsel, both with apparent authority to ratify the District's contractual offer, and it made no mention of requiring further approval. Because the Court

5

finds that there are issues of fact with regard to whether or how the Board may or may not have ratified or needed to have ratified the agreement, at this procedural stage and as presented to the Court, this issue is not appropriate for disposition on a motion for judgment on the pleadings.

**C.    Plaintiff's Motion to Strike.**

Plaintiff moves to strike the District's prayer for attorneys' fees and costs in its counterclaim. Plaintiff contends that attorneys' fees are not permissible by statute and the prayer should therefore be stricken. However, both parties agree that attorneys' fees and costs are recoverable where it is shown that the "complaint or subsequent cause of action is frivolous, unreasonable, or without foundation" or if the case continues after "the litigation clearly became frivolous, unreasonable or without foundation," or if "the complaint or subsequent cause of action was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation." 20 U.S.C. § 1415(i)(3)(B)(i)(III).

In order to recover fees, the District would have to make a showing that this case was frivolous, unreasonable or without foundation or by showing that Plaintiff's conduct was presented for an improper purpose such as to harass, cause unnecessary delay, or to needlessly increase the cost of litigation. At this procedural juncture, the Court cannot determine whether such a showing can be made. Because the claim for fees and costs has a basis in law, the Court will not strike the prayer prematurely. Accordingly, Plaintiff's motion to strike is DENIED.

**D.    District's Motion to Disqualify the Guardians Ad Litem.**

The District contends that the parents are improperly designated as Plaintiff's guardians ad litem because the father is a member of the Board for the District and the mother stands to profit by the father's compensation from the District. The District claims the appointment of the parents in this context creates an impermissible conflict of interest and that a new guardian ad litem should be appointed.[1]

---

[1] There is some disagreement over whether the District was properly served with the motion to appoint the guardian ad litem in this matter. The Court granted the unopposed motion to appoint the parents as guardians on October 9, 2009. However, at this stage, the service issue is irrelevant and the Court reviews the propriety of the appointment on the merits.

6

After the 10-day offer was made by the District, Plaintiff's father was elected to the District's governing board.[2] As a Board member, the father must act to protect the District's interests and as Plaintiff's guardian ad litem, he is charged with representing the interests of his minor daughter in litigation against the District. Although the father declares that this does not present a conflict of interest and represents that he will absent himself from the Board's litigation strategy sessions, the Court finds that the father's dual role creates an impermissible conflict of interest. *See Clark v. City of Hermosa Beach*, 48 Cal. App. 4th 1152, 1171 (1996) (citation omitted) ("[T]he common law doctrine against conflicts of interest ... prohibits public officials from placing themselves in a position where their private, personal interests may conflict with their official duties.").

In addition, the Court finds that the mother's appointment as guardian ad litem is fraught with conflict as well. *See Bhatia v. Corrigan*, 2007 WL 1455908, *1 (N.D. Cal. 2007) (holding that, due to conflict of interest, father was not appropriate guardian and mother was similarly conflicted out by virtue of marital relationship). The mother suffers from the same personal conflict of receiving remuneration from the District for her husband's service as a Board member as well as representing her daughter's interest against the District.

Accordingly, the Court GRANTS the District's motion to disqualify the guardians ad litem. In her opposition to the motion for judgment on the pleadings, Plaintiff's parents represented that they can provide an appropriate alternative guardian ad litem for this Court's approval. Within ten days of this Order, Plaintiff shall submit a suitable alternative guardian ad litem for the Court's review and approval.

///

///

///

---

[2] In its motion for judgment on the pleadings, the District contends that the 10-day offer could not be valid because, as a Board member, father had a conflict. However, the Court finds this fact, although beyond the scope of the pleadings, irrelevant to the analysis. The 10-day offer was made prior to the father's election to the Board.

## CONCLUSION

For the foregoing reasons, the Court DENIES the District's motion for judgment on the pleadings; DENIES Plaintiff's motion to strike the prayer for fees; and GRANTS the District's motion to disqualify the guardians ad litem.

**IT IS SO ORDERED.**

Dated: January 25, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE